UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, | ) | CASE NO. 1:11CV1848 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| GARY NUSBAUM, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Donald Franklin filed this civil rights action under 42 U.S.C. § 1983 against Richland Correctional Institution Corrections Officers Gary Nusbaum and Robert White. In the Complaint, plaintiff alleges excessive force and deliberate indifference to his medical needs. He seeks monetary relief.

**BACKGROUND**

Plaintiff is a state prisoner, incarcerated at Richland Correctional Institution in Mansfield, Ohio. He alleges that, on September 22, 2010, he had a disagreement with defendant White regarding the confiscation of plaintiff's excess legal papers during a visual property inspection. Plaintiff alleges this disagreement became a "heated debate," which culminated in defendant White signaling for help on his radio. (Doc. No. 1 at 4). Defendant Nusbaum responded to assist.

Plaintiff alleges he was sitting on his bed in his cell when defendants White and Nusbaum approached him and sprayed him with mace. Plaintiff maintains that, "[n]ot being able to do anything else, [he] sprawled out on [the] floor." (Doc. No. 1

1

at 5). He then alleges defendant White "placed his knee in back of Franklin's neck and began to handcuff [him], while Nusbaum grabbed Franklin's right leg by the foot and stuck his knee in back of Franklin's knee then twisted [Franklin's] foot until he broke two (2) bones in [his] foot." (Doc. No. 1 at 5). Plaintiff alleges the use of physical force to handcuff him was unnecessary and excessive, as plaintiff was incapacitated from having been maced.

Plaintiff was placed in segregation after this incident. He asserts he did not receive any medical attention until October 5, 2010, when he received an X-ray revealing two broken bones in his foot. The documentation attached to plaintiff's Complaint, however, indicates plaintiff was seen by prison medical staff on the day of the incident (September 22, 2010) and was given medication two days later. (Doc. No. 1, Ex. 3). Plaintiff asserts defendants interfered with his medical treatment by asserting that nothing was physically wrong with him.

Plaintiff filed the instant Complaint on August 31, 2011. He claims his Eighth Amendment rights were violated by defendants' (1) use of excessive force in handcuffing him, and (2) deliberate indifference to his medical needs. He seeks $1,000,000 in compensatory damages and $1,500,000 in punitive damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

**ANALYSIS**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

**A.** **Excessive Force**

Plaintiff contends defendants White and Nusbaum used excessive force when they handcuffed him. He asserts that, because he was already incapacitated from having been maced, the force used to handcuff him was unnecessary and excessive, as demonstrated by the fact that two bones in his foot were broken in the process.

The standard used to analyze excessive force claims under the Eighth Amendment requires the Court to determine whether the officers acted in a good faith effort to maintain or restore discipline, or whether they acted maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 8. *See also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010). That is not to suggest that every angry touch by a prison guard gives rise to a federal cause of action. Prison officials may often be required to use physical contact to insure prison security. *Id*. at 9. The physical contact will rise to the level of an Eighth Amendment violation only if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In determining whether the use of force was wanton and unnecessary, the extent of injury suffered by an inmate is one factor that may be considered, along with other factors including "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes*, 452 U.S. at 345.

Plaintiff alleges that defendants White and Nusbaum first maced him and then White "placed his knee in back of Franklin's neck and began to handcuff [him], while Nusbaum grabbed Franklin's right leg by the foot and stuck his knee in back of Franklin's knee then twisted [Franklin's] foot until he broke two (2) bones in [his] foot." (Doc. No. 1 at 5). He contends it was unnecessary and excessive to twist and break his

foot, particularly since he had already been maced and, therefore, incapacitated. On the face of the Complaint, the Court finds these allegations meet the pleading standards of Rule 8 to state a plausible claim for use of excessive force in violation of the Eighth Amendment. Accordingly, this claim will be permitted to proceed for further development.

### B. Medical Care

Plaintiff asserts Eighth Amendment claims against defendants White and Nusbaum for failing to provide appropriate medical care for his broken foot. In particular, he claims he did not receive any medical attention until thirteen days after the incident with defendants White and Nusbaum, when he finally received an X-ray revealing two broken bones in his foot. He asserts defendants White and Nusbaum are responsible because (1) they injured his foot in the first place, and (2) they interfered with his medical treatment by asserting that nothing was physically wrong with him.

In order to establish a claim for inadequate medical care under the Eighth Amendment, plaintiff must demonstrate that defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff, however, does not allege facts sufficiently demonstrating that defendants White or Nusbaum played any affirmative role in approving or denying medical care for plaintiff's broken foot. While plaintiff claims defendants prevented him from obtaining treatment by asserting nothing was wrong with him, the documentation attached to his Complaint indicates that plaintiff was, in fact, seen by prison medical staff on the day of the incident and again two days later when he was given medication. (Doc. No. 1, at Ex. 3). Plaintiff

cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent some indication that White and Nusbaum personally participated in the decision to delay plaintiff's X-ray and treatment, plaintiff cannot establish the subjective element of this Eighth Amendment claim against them.[2]

**CONCLUSION**

For the foregoing reasons, plaintiff's Eighth Amendment claim regarding deliberate indifference to his medical needs is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This action shall proceed solely on plaintiff's Eighth Amendment excessive force claim. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon defendants Nusbaum and White.

**IT IS SO ORDERED**.

Dated: March 28, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff does not name as defendants any prison medical staff members involved in his treatment for injuries resulting from the September 22, 2010 incident at issue.

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."