UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, | ) | CASE NO. 1:11CV1848 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| GARY NUSBAUM, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned[1] on a motion for judgment on the pleadings filed by Defendants Gary Nusbaum and Robert White (collectively "Defendants") on August 1, 2012. ECF Dkt. #11. For the following reasons, the undersigned recommends that the Court GRANT Defendants' motion for judgment on the pleadings and dismiss Plaintiff Donald Franklin's ("Plaintiff") complaint in its entirety without prejudice.

## I.  FACTS AND PROCEDURAL HISTORY

On August 31, 2011, Plaintiff, a prisoner incarcerated at Richland Correctional Institution ("RCI") in Mansfield, Ohio, filed the instant complaint against Defendants, correctional officers at RCI, where Plaintiff was incarcerated during the relevant time period. ECF Dkt. #1. Plaintiff averred that on September 22, 2010 during a visual inspection of his property to ensure compliance

---

[1] On March 28, 2012, Judge Lioi referred this matter to the undersigned for general pretrial supervision. ECF Dkt. #6.

with administrative rules, he and Defendant White had a disagreement over a box of documents that Plaintiff was going to ship home. *Id.* at 4. Plaintiff alleged that he was required to take the box of documents to Defendant White's office and that after inspection was over, he inquired of Defendant White about the status of the box. *Id.* Plaintiff averred that he and Defendant White engaged in a "heated debate" and sometime thereafter, Defendant White stumbled to the floor in Plaintiff's sleeping area and radioed Defendant Nusbaum for help. *Id.* at 5. Plaintiff alleged that Defendants subsequently maced him and Defendant White placed his knee into the back of Plaintiff's neck and began to handcuff him while Defendant Nusbaum grabbed his right foot and twisted it, which resulted in the breaking of two bones in his foot. *Id.*

Plaintiff asserts claims that Defendants used excessive force against him in violation of the Eighth Amendment of the United States Constitution. ECF Dkt. #1 at 6-7. Plaintiff had also alleged deliberate indifference to his medical needs, but the Court dismissed that claim on March 28, 2012. ECF Dkt. #5.

On August 1, 2012, Defendants filed the instant motion, requesting that the Court dismiss Plaintiff's excessive force claims as a matter of law because he failed to exhaust the prison grievance procedure before filing the instant complaint. ECF Dkt. #11.

**II.    STANDARD OF REVIEW**

Federal Civil Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

In scrutinizing a complaint under Rule 12(b)(6), this Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

### III.     LAW AND ANALYSIS

Under the Prison Litigation Reform Act of 1995, a prisoner may not bring a federal action related to prison conditions "until such administrative procedures as are available are exhausted." 42 U.S.C. § 1997e(a). A grievant must undertake all steps of the prison's grievance process in order for his grievance to be considered fully exhausted. *Jones Bey v. Johnson*, 407 F.3d 801, 803 n.2 (6th Cir. 2005) rev'd on other grounds, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit "is an affirmative defense under the PLRA[.] . . . [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216. Instead, the failure to exhaust "must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Accordingly, Defendants in this case bear the burden of proving that Plaintiff did not exhaust his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012), quoting *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011). In shouldering this burden, Defendants point to Plaintiff's own complaint in order to show that he failed to exhaust the prisoner grievance procedure before filing the instant lawsuit. ECF Dkt. #11 at 83. They point to that part of the complaint form which asked if Plaintiff had presented the facts relating to his complaint in the state prisoner grievance procedure. *Id*. They indicate that Plaintiff answered that he did not present the facts of the instant complaint in the state prisoner grievance procedure. *Id*.

Defendants are correct. On his complaint form, Plaintiff circled "YES" as to whether a prisoner grievance procedure exists at RCI, but he circled "NO" when asked whether he presented the facts relating to his complaint in the state prisoner grievance procedure. ECF Dkt. #1 at 2. When asked to explain why he did not present the claims of his complaint in the state grievance procedure, Plaintiff wrote :"Cannot use grievance procedure for matters involving conduct and/or disciplinary related matters. OAC 5120-9-31(B)." *Id.*

-3-

Defendants rely upon the court's analysis in *Brown v. Lebanon Correctional Institution* where the District Court in the Southern District of Ohio sua sponte dismissed a prisoner's §1983 claims because he answered "No" to the complaint form question as to whether he presented the facts relating to his complaint in the state prisoner grievance procedure. ECF Dkt. #11 at 4, citing 1:09CV513, 2009 WL 2913930 (S.D. Ohio Sept. 9, 2009). The court relied upon the prisoner's admission in his complaint to find that he failed to exhaust his administrative remedies before filing his §1983 lawsuit against correctional officers for excessive use of force. 2009 WL 2913930, at *2. In the complaint portion asking why he did not employ the prison grievance procedure, Brown answered that he had been hospitalized for 14 days due to his injuries and when he returned to the prison, he was interviewed by a Use of Force committee and was assured that they were investigating the matter. *Id.* at *3. He also indicated that he did not use the prison grievance procedure because he feared for his safety. *Id.*

Despite the reasons provided by the prisoner, the *Brown* Court found that the PLRA's exhaustion requirement barred the §1983 complaint because Brown admitted that he did not exhaust the remedies provided by the prison grievance procedure. *Brown*, 2009 WL 2913930, at *3. The court set forth the three steps of the prison grievance procedure and held that "[a]n internal investigation by an institution's use of force committee, like that alleged by plaintiff in the instant complaint, will not substitute for exhaustion through the prison's administrative grievance procedure under Ohio Admin. Code § 5120.9-31." *Id.* The *Brown* court cited to three cases in support of this holding. *Id.*, citing *Curry v. Scott*, 249 F.3d 493, 504-505 (6th Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Fisher v. Ohio Dept. Rehab. & Correction*, No. 1:06-cv-559, 2009 WL 4248152, at *3 (S.D. Ohio Nov. 30, 2007).

In *Curry v. Scott*, the Sixth Circuit Court of Appeals found that a prisoner alleging the use of excessive force by correctional officers must exhaust his administrative remedies under the PLRA. 249 F.3d at 504, citing *Freeman*, 196 F.3d at 644. The *Curry* Court further found that a Use of Force committee investigation by the prison does not satisfy the exhaustion requirement of the PLRA. *Id.*

Section 5120-9-31 of the Ohio Administrative Code sets forth the state prisoner grievance procedure as follows:

> (K) The inmate grievance procedure shall be comprised of three consecutive steps fully described below. This procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant, including complaints regarding policies, procedures, conditions of confinement or the actions of institutional staff. Whenever feasible, inmate complaints should be resolved at the lowest step possible. Informal complaints and grievances must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses. Specificity of the complaint provides institutional staff the opportunity to investigate the complaint and to take corrective action to address a valid complaint. In the event an inmate does not know the identity of the personnel involved, a "John/Jane Doe" complaint may be filed. However, the complaint shall be specific as to dates, times, places, physical descriptions of any unidentified personnel and the actions of said personnel giving rise to the complaint. Grievance appeals shall contain a clear, concise statement explaining the basis for the appeal.
>
>> (1) The filing of an informal complaint – step one:
>>
>> Within fourteen calendar days of the date of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint. Staff shall respond in writing within seven calendar days of receipt of the informal complaint. If the inmate has not received a written response from the staff member within a reasonable time, the inmate should immediately contact the inspector of institutional services either in writing or during regular open office hours. The inspector of institutional services shall take prompt action to ensure that a written response is provided to the informal complaint within four calendar days. If a response is not provided by the end of the fourth day, the informal complaint step is automatically waived. Informal complaint responses should reflect an understanding of the inmate's complaint, be responsive to the issue, cite any relevant departmental or institutional rules or policies and specify the action taken, if any. The inspector of institutional services shall monitor staff compliance with the informal complaint process. Any pattern of non-compliance by staff shall be reported to the warden for appropriate action. The filing of an informal complaint may be waived if it is determined by the inspector of institutional services that there is a substantial risk of physical injury to the grievant, the complaint is filed pursuant to rule 5120-9-03 or 5120-9-04 of the Administrative Code, paragraph (H) of this rule, or for other good cause.
>>
>> (2) The filing of the notification of grievance – step two:
>>
>> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may obtain a notification of grievance form from the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step. The inspector of institutional services may also waive the timeframe for the filing of the notification of grievance, for good

> cause. The inspector of institutional services shall provide a written response to the grievance within fourteen calendar days of receipt. The written response shall summarize the inmate's complaint, describe what steps were taken to investigate the complaint and the inspector of institutional service's findings and decision. The inspector of institutional services may extend the time in which to respond, for good cause, with notice to the inmate. The chief inspector or designee shall be notified of all extensions. Any extension exceeding twenty-eight calendar days from the date the response was due must be approved by the chief inspector or designee. Expedited responses shall be made to those grievances that, as determined by the inspector of institutional services, present a substantial risk of physical injury to the grievant or for other good cause.
>
> (3) The filing of an appeal of the disposition of grievance – step three:
>
> If the inmate is dissatisfied with the disposition of grievance, the inmate may request an appeal form from the inspector of institutional services. The appeal must then be filed to the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance. For good cause the chief inspector or designee(s) may waive such time limits. The chief inspector or designee(s) shall provide a written response within thirty calendar days of receipt of the appeal. The chief inspector or designee(s) may extend the time in which to respond for good cause, with notice to the inmate. The decision of the chief inspector or designee is final. Grievance appeals concerning medical diagnosis or a specific course of treatment shall be investigated and responded to by a health care professional.

Ohio Admin. Code 5120-9-31(K).

In the instant case, the remaining portion of Plaintiff's complaint concerns excessive force allegedly used on him by Defendants.  However, as pointed out by Defendants, Plaintiff admits in his complaint that he did not use the prison grievance procedure for this claim.  Chapters 5120-9-31(A) and (K) of the Ohio Administrative Code both specifically provide that the prison grievance procedure is designed to address inmate complaints concerning any aspect of institutional life, including "the actions of institutional staff." Ohio Admin. Code 5120-9-31(A), (K)(2009).  Plaintiff therefore failed to exhaust his administrative remedies in accordance with the prison grievance procedure set forth in the Ohio Administrative Code.  Moreover, the fact that a Use of Force committee was apparently convened to investigate the incident does not suffice for exhaustion under the prison's grievance procedure.  *Curry*, 249 F.3d at 504.

Plaintiff did cite to Chapter 5120-0-31(B) of the Ohio Administrative Code in explaining why he did not present the claims in the prisoner grievance procedure, stating that he could not use the grievance procedure "for matters involving conduct and/or disciplinary related matters." ECF

Dkt. #1 at 2. However, Plaintiff failed to respond to Defendant's motion for judgment on the pleadings in order to explain or expand upon this reasoning. Chapter 5120-9-31(B) of the Ohio Administrative Code states the following:

> B) The inmate grievance procedure will not serve as an additional or substitute appeal process for hearing officer decisions, rules infraction board decisions or those issues or actions which already include an appeal mechanism beyond the institutional level or where a final decision has been rendered by central office staff. Other matters that are not grievable include complaints unrelated to institutional life, such as legislative actions, policies and decisions of the adult parole authority, judicial proceedings and sentencing or complaints whose subject matter is exclusively within the jurisdiction of the courts or other agencies. Complaints which present allegations which fall, in part, within the scope of paragraph (A) of this rule and in part within this paragraph will be considered to the extent they are not excluded under this paragraph.

Ohio Admin. Code 5120-9-31(B)(2009). Plaintiff mentions in the body of his complaint that Defendants filed conduct reports against him in which they explained that they used force against him because he violated rules regarding physically resisting and disobeying direct orders and threatening bodily harm to another. ECF Dkt. #1 at 6; ECF Dkt. #1-1 at 9-11. Plaintiff further avers in his complaint that the conduct reports were reversed by the "warden's designee," which therefore contradicted any need for Defendants to exercise force against him. ECF Dkt. #1 at 6. Plaintiff further mentions an investigation by a Use of Force committee. *Id*.

However, Plaintiff's complaint asserts a direct claim of excessive force against Defendants and does not challenge the conduct reports and the alleged reversals. Therefore, the Court should find that Plaintiff was required to exhaust the prisoner grievance procedure before filing the instant complaint. *Curry*, 249 F.3d at 504-505; *Freeman*, 196 F.3d at 645. Moreover, the fact that a Use of Force committee investigated the matter does not substitute for complying with the prison grievance procedure. *Freeman*, 196 F.3d at 645.

Finally, the informal complaint that Plaintiff filed on September 28, 2010 does not suffice to comply with the prisoner grievance procedure insofar as his claim of excessive force is concerned. Plaintiff labels the complaint as one for "Inappropriate/inadequate healthcare," and proceeds to complain about an alleged lack of medical treatment following an "assault[] by staff." ECF Dkt. #1-1 at 11. The only reference he makes as to any alleged force is when he avers that "[o]n 9-22-2010,

I was involved in an incident resulting injury due to being assaulted by staff." *Id.* The rest of this complaint focuses on an alleged lack of medical care.

For these reasons, the undersigned recommends that the Court find that Plaintiff has failed to exhaust his administrative remedies.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendants' motion for judgment on the pleadings (ECF Dkt. #11) and DISMISS WITHOUT PREJUDICE Plaintiff's only remaining claim in his complaint of excessive force against Defendants because he failed to exhaust his administrative remedies.

IT IS SO ORDERED.

SIGNED AND ENTERED on this 29th day of October, 2012.

        */s/ George J. Limbert*
        GEORGE J. LIMBERT
        UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).