## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, | ) | CASE NO. 1:11CV1848 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| GARY NUSBAUM, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George Limbert, recommending that the Court grant defendants' motion for judgment on the pleadings. (Doc. No. 21.) Also before the Court is defendants' motion to strike plaintiff's untimely response to defendants' motion. (Doc. No. 25.)

**BACKGROUND**

In this civil rights action, *pro se* plaintiff Donald Franklin (plaintiff) claims that defendants, Richland Institution Correction Officers Gary Nusbaum and Robert White (collectively defendants), used excessive force and were deliberately indifferent to his medical needs. (Complaint, Doc. No. 1). On March 28, 2012, the Court issued a Memorandum of Opinion and Order dismissing plaintiff's deliberate indifference claim, pursuant to 28 U.S.C. § 1915(e), and referring the remainder of the action to

Magistrate Judge George Limbert for general pretrial supervision. (Doc. Nos. 5 and 6, respectively.)

On August 1, 2012, defendants moved for judgment on the pleadings, arguing that plaintiff's excessive force claim fails to state a claim upon which relief can be granted because plaintiff failed to exhaust the prison grievance procedure before filing the present lawsuit. (Doc. No. 11.) In support of their motion, defendants relied upon the preprinted complaint form wherein plaintiff circled "NO" when asked whether he presented the facts relating to his complaint in the state prisoner grievance process. (*Id.* at 4, citing Doc. No. 1 at 2.)

In a Report and Recommendation dated October 29, 2012, the Magistrate Judge recommended that the Court grant defendants' motion for judgment on the pleadings, based upon a finding that plaintiff had failed to exhaust his administrative remedies before bringing suit. In so ruling, the Magistrate Judge considered and rejected as inaccurate plaintiff's stated excuse on the preprinted complaint form for failing to exhaust the prisoner grievance procedure, which was his belief that a prisoner "[c]annot use [the] grievance procedure for matters involving conduct and/or disciplinary related matters." (Doc. No. 21 at 3, quoting Doc. No. 1 at 2.)

Plaintiff did not file a response to defendants' motion for judgment on the pleadings prior to the Magistrate Judge issuing his report and recommendation, nor did he seek leave to do so.

Following the filing of the report and recommendation, however, plaintiff filed a motion for an additional 60 days in which to file objections to the Magistrate Judge's report. (Doc. No. 22). The Court granted this request. (Non-Document Order, dated Nov. 14, 2012.) Notwithstanding this grant of leave, plaintiff did not file objections to the report. Instead, on January 7, 2013, plaintiff filed an untimely response to defendants' motion for judgment on the pleadings. (Doc. No. 24.) In his response, plaintiff argued, for the first time, that he had attempted to exhaust his administrative remedies, but that his efforts had been thwarted by prison officials. Attached to his response brief was plaintiff's sworn affidavit detailing his purported efforts to obtain the necessary grievance forms, as well as various documents generated by plaintiff and others associated with the institution where plaintiff is currently incarcerated. (*See* Doc. No. 24-1.) Like his exhaustion argument, these documents were not before the Magistrate Judge when he issued his report and recommendation.

Defendants now seek to strike plaintiff's response as untimely, noting that it was filed more than five months after the motion, and, thus, was well outside the civil and local rules. Defendants also complain that plaintiff's response brief fails to argue that the Magistrate Judge's report is clearly erroneous or contrary to law.

**LAW AND ANALYSIS**

Federal Rules of Civil Procedure 72(b)(2) provides that objections to a report and recommendation must be filed within fourteen (14) days after service. A district court must conduct a *de novo* review of the parts of a magistrate judge's report

3

and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). It need not, however, consider any part of the magistrate judge's disposition to which no proper objections have been lodged. *See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

"Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Only "specific" objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. *See Mira*, 806 F.2d at 637 (6th Cir. 1986) (internal quotation omitted) ("the district court need not provide *de novo* review when the objections are frivolous, conclusive, or general"). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error are too general." *Spencer,* 449 F.3d at 725 (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Even affording plaintiff's response brief a liberal interpretation that is appropriate for *pro se* filings, *see Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992), it cannot be interpreted as raising legitimate objections to the report. The filing fails to even mention the Magistrate Judge's report, and falls short of specifying the findings believed to be in error. It is, therefore, insufficient to trigger a *de novo* review.

Nonetheless, if the Court were to treat plaintiff's response brief as an objection to the report, it would still not be properly before Court because the brief relies exclusively on new arguments and evidence that were never before the Magistrate Judge. "Our circuit holds that '[t]he Magistrate Judge Act, 28 U.S.C. § 631 *et seq*. . . . does not allow parties to raise at the district court stage new arguments or issues.' " *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009) (quoting *Murr v. United States,* 200 F.3d 895. 902 n.1 (6th Cir. 2000) (citing, *inter alia*, *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) ("issues raised for the first time in objections to [a] . . . report and recommendation are deemed waived")); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge.") "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.' " *Jones-Bey*, 2009 WL 3644801 (quoting *Greenhow v. United States*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd o.g. sub nom*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc)).

"Moreover, '[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments.' " *Kita v. Comm'r of Soc. Sec*, Case No. 1:08-cv-446, 2009 WL 1464252, at *2 (W.D. Mich. May 18, 2009) (quoting *Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008)); *see, e.g., In re Neuontin Marketing, Sales Practices, and Prods. Liab. Lit*.,

5

433 F. Supp. 2d 172, 185 (D. Mass. 2006) ("Defendants raised none of these arguments before the Magistrate Judge, and they may not raise them for the first time as objections to the Report and Recommendation.") (citing *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("[H]ere the district court judge properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance."))

Plaintiff has presented no objections to the report that are properly before this Court, making review of the report unnecessary. *See Peretz v. United States*, 501 U.S. 923, 939 (1991) (internal quotation omitted) ("The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1) . . . To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.") *See, e.g., Johnson v. Comm'r of Soc. Sec. Adm.*, No. 5:05CV2155, 2007 WL 2292440 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made."); *see also Curry v. Mansfield,* No. 98-3518, 1999 WL 1206227 (6th Cir. Dec. 8, 1999) (find that undertaking a *de novo* review of an R&R in the absence of proper objections is not only unnecessary but also inappropriate).

**CONCLUSION**

For all of the foregoing reasons, defendants' motion to strike plaintiff's untimely response to the motion for judgment on the pleadings is granted. The Report

6

and Recommendation is adopted without objection, and defendants' motion for judgment on the pleadings is granted. Plaintiff's excessive force claim is dismissed without prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 13, 2013

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**