UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKLIN, | ) | CASE NO. 1:11CV1848 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| GARY NUSBAUM, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion for relief from judgment (Doc. No. 28). Defendants oppose the motion (Doc. No. 30), and plaintiff has replied. (Doc. No. 31.) The matter is fully briefed and ripe for resolution.

On August 31, 2011, pro se plaintiff Donald Franklin, a prisoner, filed this civil rights action, alleging that defendants used excessive force and were deliberately indifferent to his medical needs. (Doc. No. 1, Complaint.) On March 28, 2012, upon a screening under 28 U.S.C. § 1915(e), the Court issued a memorandum opinion and order dismissing plaintiff's deliberate indifference claim (Doc. No. 5), and referred the remaining claim to the magistrate judge for general pretrial supervision. (Doc. No. 6.)

On August 1, 2012, defendants moved for judgment on pleadings (Doc. No. 11), and, on October 29, 2012, the magistrate judge issued a report and recommendation, wherein he recommended that the complaint be dismissed because plaintiff failed to exhaust his administrative remedies. (Doc. No. 21.) The Court adopted

the report—finding plaintiff had failed to exhaust his administrative remedies—and dismissed the action without prejudice. (Doc. No. 26, Memorandum Opinion and Order; Doc. No. 27, Judgment Entry.)

Plaintiff now seeks relief from the Court's judgment dismissing this case. In support of his motion, he maintains that he "has now exhausted all available administrative remedies as required pursuant to 28 U.S.C. § 1915(e)." (Doc. No. 28 at 163.) According to the motion, plaintiff has received the "Decision of the Chief Inspector on the final grievance exhaustion procedure." (*Id.*)

Plaintiff brings the present motion pursuant to Fed. R. Civ. P. 60, which provides for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from judgment under the "catch-all" provision contained in Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (cites omitted).

Plaintiff argues that he is entitled to have his case reopened because he has now exhausted his administrative remedies. Defendants are correct in observing that the Sixth Circuit, in the unreported decision of *Gunther v. Ohio Dep't of Corr.*, No. 98-4462,

1999 WL 1045168 (6th Cir. Nov. 9, 1999), considered and rejected the exact same argument. There, the inmate's action under 42 U.S.C. § 1983 was dismissed because the inmate had not exhausted his administrative remedies prior to bringing suit. When he subsequently exhausted his administrative remedies, he moved to reopen his case. Treating the motion as one brought under Rule 60, the panel affirmed the district court's dismissal, noting that the inmate's "option was to file a new lawsuit, not reopen this lawsuit, as he failed to exhaust his administrative remedies *prior* to filing this action." 1999 WL 1045168, at *1 (citing 42 U.S.C. § 1997e(a)) (emphasis in original).

Similarly here, plaintiff's failure to exhaust his administrative remedies prior to filing this action does not constitute any of the grounds listed in Rule 60(b) for warranting relief from judgment. As the Sixth Circuit observed in *Gunther*, plaintiff's option is to file a new action. 1999 WL 1045168, at *1; *see, e.g., Thomas v. Denno*, No. 4:10CV2723, 2013 WL 587663 (N.D. Ohio Feb. 13, 2013) (denying motion to reopen case where inmate failed to exhaust administrative remedies prior to filing suit). Accordingly, plaintiff's motion for relief from judgment is DENIED.

**IT IS SO ORDERED**.

Dated: February 21, 2014

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**